**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. T., by and through his parents Renee and Floyd T., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant-Appellee. | No. 14-16143 <br><br> D.C. No. 1:11-cv-00612-LEK-BMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 16, 2017
Honolulu, Hawaii

Before: FISHER, PAEZ, and NGUYEN, Circuit Judges.

Through his parents, J.T. appeals the district court's orders affirming in part

and reversing in part the administrative hearing officer's rulings on his due process

hearing request (the "Request"), which sought reimbursement of private school

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tuition at Loveland Academy ("Loveland") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review de novo a district court's legal conclusions, including whether a special education placement is proper, *see Cty. of San Diego v. Cal. Special Educ. Hearing Office*, 93 F.3d 1458, 1466 (9th Cir. 1996), but we review a district court's factual findings for clear error, *see Capistrano Unified Sch. Dist. v. Wartenberg ex rel. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995).  We review for abuse of discretion a district court's ruling denying reimbursement.  *See Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1084 (9th Cir. 2008), *aff'd*, 557 U.S. 230 (2009).

**1**.  As a threshold matter, the district court erred when it concluded that the Request was not timely.  Hawaii requires parents or guardians to file a reimbursement request "within one hundred and eighty calendar days of a unilateral special education placement, where the request is for reimbursement of the costs of the placement."  Haw. Rev. Stat. § 302A-443(a)(2).  We have defined "placement" as "occur[ring] when one party unilaterally (i.e., without consent or agreement of the other party) *enrolls* the student in a special education program." *K.D. ex rel. C.L. v. Dep't of Educ., Haw.*, 665 F.3d 1110, 1122 (9th Cir. 2011)

2

(emphasis added) (quoting *Makiko D. v. Hawaii*, No. 06-00189, 2007 WL 1153811, at *7 (D. Haw. 2007)).  Although J.T. began attending Loveland for assessment in July 2010, he did not officially enroll until November 2010. Measured from the time of enrollment, J.T.'s March 2, 2011 request was timely.

**2**.  Turning to the merits, we conclude that the district court abused its discretion when it held that Loveland was not a proper placement.   A placement is proper if it is "specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction."  *C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155, 1159 (9th Cir. 2011).  Once the parents have established a denial of a free appropriate public education and a proper placement, "the district court *then* must exercise its 'broad discretion' and weigh 'equitable considerations' to determine whether, and how much, reimbursement is appropriate."  *Id.* (emphasis added) (quoting *Florence Cty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 16 (1993)).

Here, the district court collapsed the inquiry into whether a placement is "proper" with its subsequent duty to weigh "equitable considerations."  The district court concluded that Loveland was not designed to meet J.T.'s needs because he "regressed in a number of areas" while a student there.  While a student's lack of progress is an equitable consideration the district court has discretion to weigh, it is

3

not a suitable basis for determining whether a placement was proper.  *Cf. Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999) (determining that the "design[] and implement[ation]" of a program is a "more pertinent question" than a student's progress or lack thereof).

At the "proper placement" stage, the district court need only consider whether, at the time of enrollment, the unilateral placement was "reasonably calculated" to meet the student's needs.  *Id.*  For this inquiry, relying on hindsight is inappropriate.  *See id.*  We therefore remand for the district court to reconsider whether J.T. has demonstrated that Loveland was a "proper placement," before exercising its "broad discretion," *C.B.*, 635 F.3d at 1159, to consider "all relevant factors," *Forest Grove*, 557 U.S. at 247, when determining if reimbursement is appropriate.

Because we reverse the district court's May 31, 2012 order denying reimbursement on this ground, we also vacate its March 24, 2014 order denying attorneys' fees.  We need not address any other arguments raised by J.T.

**REVERSED** and **REMANDED** for further proceedings.